UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES D. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-01398-NCC |
| | ) |
| KAREN MARTIN and | ) |
| U.S. DEPARTMENT OF EDUCATION, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant U.S. Department of Education's Motion to Dismiss (Doc. 25) and Defendant Karen Martin's Motion to Dismiss (Doc. 27). Plaintiff James D. Martin filed a response to the motions (Doc. 30). The time to file a reply has elapsed. *See* E.D. Mo. L.R. 4.01. Therefore, the motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 13). For the following reasons, Defendant U.S. Department of Education's Motion to Dismiss (Doc. 25) and Defendant Karen Martin's Motion to Dismiss (Doc. 27) will be **GRANTED**.

### I. Background

Plaintiff James D. Martin ("Plaintiff") alleges that his ex-wife Defendant Karen Martin ("Defendant Martin") took out student loans for their daughter using Plaintiff's information without authorization, resulting in Plaintiff being denied credit (Doc. 24 at 2-3). Plaintiff further alleges that, after he complained to Defendant U.S. Department of Education (the "Department of Education"), the Department of Education failed to investigate or take corrective action (Doc. 24

at 3, 9-10). Plaintiff originally filed this action in the Circuit Court of Lincoln County, Missouri on May 20, 2021, and it was removed to this district by the Department of Education on November 29, 2021 (Docs. 1-5).[1]

In the Amended Complaint filed with leave of court on February 2, 2022 (Doc. 24), Plaintiff raises four counts. Count I against Defendant Martin and the Department of Education seeks a declaration that Defendant Martin was the true borrower on the student loans and that Plaintiff did not authorize use of his signature. Count II is a common law fraud claim against Defendant Martin alone. Count III is a federal criminal mail and wire fraud claim against Defendant Martin alone. Count VI[2] seeks injunctive relief pursuant to the Fifth Amendment of the U.S. Constitution, the Program Fraud Civil Remedies Act of 1986, and the Administrative Procedures Act, ordering the Department of Education to remove Plaintiff from the loans, or administratively investigate and seek restitution on Plaintiff's behalf.

The Department of Education and Defendant Martin argue that Count I should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(1), 12(b)(6). The Department of Education and Defendant Martin further argue that Count VI should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6). Finally, Defendant Martin argues that Count II should be dismissed because the statute of limitations has run, Plaintiff failed to plead the necessary facts, and the defense of laches

---

[1] The Department of Education asserts that removal was timely because the U.S. Attorney for the Eastern District of Missouri was not served with the complaint (Doc. 26 at 2). *See* Fed. R. Civ. P. 4(i)(1) (requiring service on the U.S. Attorney's Office). Plaintiff has not challenged the timeliness of removal.

[2] This fourth count should be numbered "Count IV," but the Court will refer to it as "Count VI," as set forth in the Amended Complaint (Doc. 24 at 8).

applies, and that Count III should be dismissed because the statute is used by federal prosecutors and Plaintiff has not met his burden in pleading fraud.

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject matter jurisdiction is the power of a federal court to decide the claim before it. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). To dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "'the complaint must be successfully challenged on its face or on the factual truthfulness of its averments.'" *Swiish v. Nixon*, No. 4:14-CV-2089 CAS, 2015 WL 867650, at *2 (E.D. Mo. Feb. 27, 2015) (quoting *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)). Further, Plaintiff bears the burden of proving jurisdiction exists. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). Finally, "[i]t is to be presumed that a cause lies outside [of the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012).

### III. Analysis

#### A. Count VI

The Court will address Count VI first, as that count best reflects the substance of Plaintiff's grievances against the Department of Education, the removing party. Count VI seeks injunctive relief pursuant to the Fifth Amendment of the U.S. Constitution, the Program Fraud Civil Remedies Act (PFCRA) of 1986, 31 U.S.C. § 3801, *et seq.*, and the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq.*, ordering the Department of Education to remove Plaintiff from the student loans, or administratively investigate and seek restitution on Plaintiff's behalf (Doc. 24 at 8-10). The Department of Education and Defendant Martin argue that Count VI should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court agrees.

Sovereign immunity shields the United States from suit unless it consents to be sued.

*Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). This consent "must be unequivocally expressed in statutory text ... and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Id*. "[S]overeign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Plaintiff cannot state a claim against the Department of Education under the Fifth Amendment. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action against federal officials acting in their personal capacity for violations of constitutionally protected rights. But the Supreme Court has "refused to extend *Bivens* to claims against federal agencies and private government contractors, as opposed to individual federal officials." *Sinclair v. Hawke*, 314 F.3d 934, 939-40 (8th Cir. 2003) (citing *FDIC v. Meyer*, 510 U.S. 471, 473 (1994), and *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001)); *see also Little v. United States Dep't of Def.*, No. 4:21-CV-1309-JAR, 2022 WL 1302759, at *4 (E.D. Mo. May 2, 2022) (dismissing constitutional claims under Rule 12(b)(1), reasoning "*Bivens* only applies to claims against federal agents, not agencies, and Plaintiff does not bring any claims against individuals" and therefore sovereign immunity applies). Similarly, a federal agency is not a "person" acting under color of state law and therefore cannot be subject to suit under 42 U.S.C. § 1983. *See Abram v. Dep't of Agric.*, 1999 WL 793536, at *1 (8th Cir. 1999) (per curiam); *Taylor v. Dir. Off. Info. Pol'y*, No. 4:20-CV-308 DDN, 2020 WL 3971997, at *3 (E.D. Mo. July 13, 2020) (citation omitted) ("[§ 1983] does not authorize redress against federal agencies or officials who were acting under color of federal law."); *see also Little*, 2022 WL 1302759, at *5 (dismissing § 1983 claim against federal agency for failure to state a

claim).³ The Court further notes that Plaintiff has not pled a procedural due process claim. *See Mathews v. Eldridge*, 424 U.S. 319 (1976) (Fifth Amendment procedural due process violation requires deprivation of a protected property or liberty interest without adequate procedures).

Plaintiff also cannot state a claim under the PFCRA. Congress enacted the PFCRA "to provide *Federal agencies* which are the victims of false, fictitious, and fraudulent claims and statements with an administrative remedy to recompense *such agencies* for losses resulting from such claims and statements, to permit administrative proceedings to be brought against persons who make, present, or submit such claims and statements, and to deter the making, presenting, and submitting of such claims and statements in the future; and … to provide due process protections to all persons who are subject to the administrative adjudication of false, fictitious, or fraudulent claims or statements." Program Fraud Civil Remedies Act of 1986, Pub. L. No. 99-509, § 6102(b), 100 Stat. 1874, 1934 (1986) (codified as amended at 31 U.S.C. §§ 3801-3812) (emphasis added). There is no right for individuals to seek relief under the PFCRA. *See Ellis v. Dep't of Veterans' Affs.*, No. CV-05-257-RHW, 2006 WL 224041, at *1 (E.D. Wash. Jan. 27, 2006) (observing the PFCRA "was enacted to allow federal departments and agencies to pursue administrative actions against individuals for false, fictitious, or fraudulent claims for benefits or payments under a federal agency program" and "was not enacted for citizens to utilize as a cause of action against an administrative agency").

Finally, Plaintiff fails to state a claim under the APA. The APA grants courts two types of authority. Section 706(1) allows courts to "compel agency action unlawfully withheld or

---

³ Plaintiff also cannot state a Fifth Amendment claim against Defendant Martin as a private individual. *See Blake v. 1st Fin. Fed. Credit Union*, No. 4:12CV1993SNLJ, 2013 WL 3282881, at *3 (E.D. Mo. June 27, 2013) ("The Fifth Amendment [does not apply] to the actions of a private individual.").

unreasonably delayed." 5 U.S.C. § 706(1).  The second authority granted to courts by the APA is to set agency action aside and hold it unlawful in accordance with the six specific statutory bases contained in § 706(2).  5 U.S.C. § 706(2).  Here, Plaintiff does not seek to set aside any Department of Education action under § 706(2).  Rather, Plaintiff seeks to compel action Plaintiff alleges the Department of Education has unlawfully withheld or unreasonably delayed under § 706(1) (Doc. 24 at 10).

Section 706(1) authorizes courts to "carr[y] forward the traditional practice prior to its passage, when judicial review was achieved through use of the so-called prerogative writs—principally writs of mandamus under the All Writs Act." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004).  The Eighth Circuit has accordingly evaluated § 706(1) claims under both the APA and the Mandamus Act, 28 U.S.C. § 1361, assuming that jurisdiction exists. *See Org. for Competitive Markets v. U.S. Dep't of Agric.*, 912 F.3d 455, 462 (8th Cir. 2018); *Wilkes v. Blinken, et al.*, No. 4:21-CV-01148-SRC, 2022 WL 1288402, at *4 (E.D. Mo. Apr. 29, 2022).

"[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton*, 542 U.S. at 64 (emphasis in original).  "The limitation to *required* agency action rules out judicial direction of even discrete agency action that is not demanded by law (which includes, of course, agency regulations that have the force of law)." *Id.* (emphasis in original).  Under the Mandamus Act, federal courts may issue writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  The issuance of a writ of mandamus is "an extraordinary remedy reserved for extraordinary situations." *Org. for Competitive Markets*, 912 F.3d at 462.  Under both the APA and the Mandamus Act, Plaintiff

must allege that the Department of Education owed Plaintiff a duty to act.  *See Wilkes*, 2022 WL 1288402, at *4 (finding plaintiff had to show a duty to act under both acts).

Plaintiff alleges that the PFCRA and corresponding Department of Education regulations require the Department of Education to investigate, proceed with administrative remedies, and seek restitution on Plaintiff's behalf (Doc. 24 at 9).  The PFCRA does not impose a duty to investigate.  By its terms, the PFCRA gives the investigating official of an agency discretion to investigate a claim under the statute.  *See* 31 U.S.C.A. § 3803(a)(1) ("The investigating official of an authority *may* investigate allegations that a person is liable under section 3802 of this title and shall report the findings and conclusions of such investigation to the reviewing official of the authority.") (emphasis added).  The corresponding Department of Education regulations provide for implementation of the PFCRA; they do not go beyond the PFCRA to create a duty to investigate.  *See* 34 C.F.R. §§ 33.1-33.4.  Plaintiff cites no additional authority for the proposition that the Department of Education has a legal duty to seek administrative remedies or restitution on his behalf, and the Court can find none.  *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004) (the court is not required to "divine the litigant's intent and create claims that are not clearly raised").

Indeed, while not cited by Plaintiff, the Department of Education has a procedure for seeking discharge based on identity theft:

(5) Identity theft.

(i) In the case of an individual whose eligibility to borrow was falsely certified because he or she was a victim of the crime of identity theft and is requesting a discharge, the individual must—

>  (A) Certify that the individual did not sign the promissory note, or that any other means of identification used to obtain the loan was used without the authorization of the individual claiming relief;

-8-

(B) Certify that the individual did not receive or benefit from the proceeds of the loan with knowledge that the loan had been made without the authorization of the individual;

(C) Provide a copy of a local, State, or Federal court verdict or judgment that conclusively determines that the individual who is named as the borrower of the loan was the victim of a crime of identity theft; and

(D) If the judicial determination of the crime does not expressly state that the loan was obtained as a result of the crime of identity theft, provide—

(1) Authentic specimens of the signature of the individual, as provided in paragraph (c)(2)(ii) of this section, or of other means of identification of the individual, as applicable, corresponding to the means of identification falsely used to obtain the loan; and

(2) A statement of facts that demonstrate, to the satisfaction of the Secretary, that eligibility for the loan in question was falsely certified as a result of the crime of identity theft committed against that individual.

(ii)(A) For purposes of this section, identity theft is defined as the unauthorized use of the identifying information of another individual that is punishable under 18 U.S.C. 1028, 1028A, 1029, or 1030, or substantially comparable State or local law.

(B) Identifying information includes, but is not limited to—

(1) Name, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, and employer or taxpayer identification number;

(2) Unique biometric data, such as fingerprints, voiceprint, retina or iris image, or unique physical representation;

(3) Unique electronic identification number, address, or routing code; or

(4) Telecommunication identifying information or access device (as defined in 18 U.S.C. 1029(e)).

34 C.F.R. § 685.215(c)(5).

On the face of the Amended Complaint, Plaintiff has not complied with the requirements of the regulation, such that any conceivable duty, much less a cognizable duty under the APA or the

-9-

Mandamus Act, would be created on the part of the Department of Education.  Plaintiff alleges that the Department of Education instructed Plaintiff, in accordance with the regulation, to seek a judicial degree, stating Plaintiff "would need to go through the Courts" (Doc. 24 at 3, 10).  To his credit, Plaintiff attempted to comply by filing this case in state court, which was removed by the Department of Education to this district.  Nevertheless, the fact remains that Plaintiff has not yet obtained a court verdict or judgment in compliance with the regulation.

Because Count VI fails to plead any legal duty on the part of the Department of Education such that injunctive relief under the APA or Mandamus Act would be proper, Count VI is dismissed for failure to state a claim under Rule 12(b)(6).  *See Wilkes*, 2022 WL 1288402, at *4 (granting motion to dismiss because plaintiff did not plead the existence of a duty to act owed to him by defendants); *cf. Org. for Competitive Markets*, 912 F.3d at 463 (8th Cir. 2018) (denying petition, reasoning "[t]his is not a case where an agency has failed to take action in the face of multiple unambiguous commands.").[4]

### B.  Remaining Counts

Count I against Defendant Martin and the Department of Education seeks a declaration that Defendant Martin was the true borrower on the student loans and that Plaintiff did not authorize use of his signature (Doc. 24 at 4-5).  The Department of Education and Defendant Martin argue that Count I should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The Court

---

[4] While immaterial to this Court's decision, the Court notes that the Department of Education has represented that it is conducting an internal investigation and, if it can verify the veracity of the allegations, will take appropriate action (Doc. 26 at 14 n.5).  The Court further notes that counsel for the Department of Education has represented that the U.S. Attorney's Office will continue to work with Plaintiff's counsel and the Department of Education to resolve this matter, even if the Department of Education is dismissed as a party (Doc. 26 at 14 n.5).

agrees that Count I should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

Count I appears to be Plaintiff's attempt to obtain a court verdict or judgment in accordance with 34 C.F.R. § 685.215(c)(5)(i)(C). The Court is sympathetic to Plaintiff's attempt to comply with the Department of Education regulations. However, Plaintiff cites no authority upon which this Court may issue such a declaration and the Court can find none. *See Bediako*, 354 F.3d at 840 (the court is not required to "divine the litigant's intent and create claims that are not clearly raised"). The Court notes that the Declaratory Judgment Act, 28 U.S.C. § 2201, enlarges the range of remedies available in federal courts but does not confer jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). The Declaratory Judgment Act, therefore, cannot serve as an independent basis for subject matter jurisdiction. Both 28 U.S.C. § 1331 and the Declaratory Judgment Act serve as a basis for jurisdiction only when the complaint pleads a violation of a substantive right under a distinct federal statute or the United States Constitution; they do not confer jurisdiction. *See Patel v. Chertoff*, No. 4:06CV01207 ERW, 2007 WL 1223553, at *2 (E.D. Mo. Apr. 24, 2007). Because sovereign immunity has not been waived and Count I fails to supply any basis for this Court's limited subject matter jurisdiction, Count I is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

Count III is a claim against Defendant Martin alone under the federal criminal mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343 (Doc. 24 at 6-8). Defendant Martin argues that Count III should be dismissed because the statute is used by federal prosecutors. The Court agrees. There is no private right of action under the mail and wire fraud statutes. *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999). Because Plaintiff's claim cannot provide a basis for this Court's limited subject matter jurisdiction, Count III is dismissed under Rule 12(b)(1). *See Kasden v. DeRungs*, 2006 WL 1662904, at *3 (D. Minn. June 13, 2006)

(dismissing mail fraud claim under Rule 12(b)(1)).

Finally, Count II is a common law fraud claim against Defendant Martin alone (Doc. 24 at 5-6).  The claim is under state law.  *See Jones v. Chamjock*, No. 18-CV-2020-LRR, 2018 WL 2770201, at *2 (N.D. Iowa June 8, 2018) (common law fraud claim did not raise federal question).  Pursuant to 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction."  Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law fraud claim.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant U.S. Department of Education's Motion to Dismiss (Doc. 25) and Defendant Karen Martin's Motion to Dismiss (Doc. 27) are **GRANTED**.  Counts I, III, and VI are **DISMISSED, with prejudice**.  Count II is **DISMISSED, without prejudice**.

A separate order of dismissal shall accompany this order.

Dated this 24th day of May, 2022.

                                                /s/ Noelle C. Collins
                                                NOELLE C. COLLINS
                                                UNITED STATES MAGISTRATE JUDGE